UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HENRY E. BINFORD,

              Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

              Defendant.

CASE NO. 14-cv-05339 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 14, 18, 19).

After considering and reviewing the record, the Court concludes that the ALJ failed to discuss why significant, probative evidence from a doctor whose opinion was given great weight was rejected. The ALJ also failed to develop the record on this issue.

In addition, the ALJ did not explain adequately why his opinion was more correct than the opinion of the state agency physician who reviewed the record and is familiar with the disability program.

Because these errors are not harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

## BACKGROUND

Plaintiff, HENRY E. BINFORD, was born in 1963 and was 45 years old on the alleged date of disability onset of June 10, 2009 (*see* AR. 204-07). Plaintiff did not graduate from high school, but did obtain his GED and has taken some college classes (AR. 52-53). He has work experience in construction as a carpenter and skilled laborer (AR. 257). Plaintiff testified that his last job ended because he "was in pain and 'cause of my back" (AR. 55).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine; and tobacco addiction (20 CFR 416.920(c))" (AR. 27).

At the time of the hearing, plaintiff was single and living in a home with his 10-year-old daughter (AR. 45).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 92-98, 99-107). Plaintiff's requested hearing was held

before Administrative Law Judge Michael Gilbert ("the ALJ") on March 6, 2012 (*see* AR. 41-90). On June 25, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 22-39). The ALJ did not provide a reason for failing to reopen plaintiff's prior application for disability insurance benefits ("DIB"), which was denied on October 1, 2009 (*see* Opening Brief, Dkt. 14, p. 2 n.1).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; (4) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations; and (5) Whether or not new evidence submitted to the Appeals Council supports reversal of the ALJ's decision (*see* Dkt. 14, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

(1)     **Whether or not the ALJ properly evaluated the medical evidence**.

Although the ALJ gave "great weight" to the January, 2010 opinion of Dr. Andrew Manista, M.D. that plaintiff could perform light work (AR. 31 (*citing* AR. 487)), plaintiff complains that the ALJ erred by failing to credit the significant, probative evidence of Dr. Manista's subsequent opinion in January, 2011 that plaintiff was a candidate for surgical intervention (*see* AR. 457).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Plaintiff also complains that the ALJ failed in his duty to develop the record on this issue, as although Dr. Manista opined that plaintiff was capable of light work at his earlier appointment, and the ALJ relied on this opinion, giving it great weight, the record is unclear as to whether or not Dr. Manista still held this opinion in January, 2011, when he opined that it would be reasonable to consider surgery for plaintiff after plaintiff quit smoking and after he resolved his legal issue regarding his disability application, which is pending before this Court  (*see* AR. 457; *see also* Opening Brief, Dkt. 14, p. 7 (*citing Sims v. Apfel*, 530 U.S. 103, 111 (2000) (An ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits") (*citing Richardson v. Perales,* 402 U.S. 389, 400-01 (1971)). Plaintiff's argument is persuasive.

The ALJ "has an independent 'duty to fully and fairly develop the record.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). Defendant responds that the ALJ's duty to develop the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*citing Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

While defendant's citation to case law is correct, here, the two different opinions from Dr. Manista renders the record ambiguous, and it is unclear from the record if the earlier opinion that plaintiff is capable of light work was affected by Dr. Manista's subsequent examination and opinion regarding surgery. *See id.* In addition, the ALJ's reliance on one of Dr. Manista's opinions, while failing to provide rationale as to why the other opinion, which is significant, probative evidence, is rejected, is legal error. The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. Although defendant argues that Dr. Manista's assessment was the same for both opinions, even defendant notes that Dr. Manista first recommended a treatment plan of epidural steroid injections, then, subsequently recommended a treatment plan that included potential surgery, an opinion not expressed at the earlier examination (*see* Defendant's Response, Dkt. 18, pp. 9-10 (*citing* AR. 395, 457)).

Furthermore, the January, 2011 opinion is more relevant than the January, 2010 opinion, because as noted by the ALJ "[SSI] is not payable prior to the month following

the month in which the application was filed," and the ALJ's findings are with respect to the time period "since September 9, 2010, the date the application was filed" (AR. 25; *see also* AR. 27 (plaintiff "has not engaged in [SGA] since September 9, 2010, the application date"); AR. 33 (plaintiff "has not been under a disability, as defined in the [Act], since September 9, 2010, the date the application was filed")). Therefore, the January, 2011 opinion by Dr. Manista, which the ALJ fails to credit, is more relevant to the ALJ's written decision, than Dr. Manista's January, 2010 opinion, to which the ALJ gives great weight.

The Court also notes that the ALJ's treatment of the opinions of Dr. Manista suggests improper "cherry-picking" of aspects of the record that support the decision, while failing to develop the record on the other aspects of the record that support a finding of disabling limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly cherry-picked some of [the doctor's] characterizations of [claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment") (citations omitted). So, too, does the ALJ's heavy reliance on an opinion predating the relevant period of time, while failing to credit the opinion from the period of time relevant to the decision.

As cited by plaintiff, an ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits" (*see* Opening Brief, Dkt. 14, p. 7 (*citing Sims*, *supra*, 530 U.S. at 111 (*citing Richardson*, *supra,* 402 U.S. at 400-01)). Based on the record as a whole, the Court concludes that the ALJ failed to abide by the duty to develop the record in this instance regarding the medical opinions of Dr. Manista.

The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ gave great weight to the January, 2010 opinion from Dr. Manista without determining if such opinion changed after Dr. Manista's subsequent examination and opinion regarding surgery. Had the ALJ credited fully Dr. Manista's subsequent opinion and developed the record on this issue, the ALJ's RFC may have been different, thus affecting the ultimate determination regarding disability in this matter.

The ALJ also rejected the opinion of the state agency physician, Dr. Guthrie Turner, M.D., that plaintiff was limited to the sitting, standing and walking demands of sedentary work (*see* AR. 32). Defendant does not respond to plaintiff's argument that the ALJ erred in rejecting this aspect of the opinion of Dr. Turner (*see* Dkt. 14, p. 9). Despite

noting that "the doctor had the benefit of reviewing the record and State agency consultants have familiarity with the disability program," the ALJ "disagree[d] with the doctor's opinion that the claimant is limited to the sitting, standing, and walking demands of sedentary work" (AR. 32). The ALJ provided his own assessment that the "medical evidence supports the claimant could perform the sitting, standing, and walking demands of light work as the claimant had 5/5 muscle strength in the lower extremities, a normal gait, moved all extremities well, and normal range of motion of the back" (*id.* (*citing* Exs. 4F; 9F; 10F; 13F; 14F; 17F)). First, the Court notes that plaintiff's strength and range of motion were not always normal throughout the record, as the ALJ notes earlier in the written decision that in "November 2010, Sky Goudey, PT, provided physical therapy for the claimant . . . . [and] claimant had decreased range of motion and mobility of the left hip, and decreased strength, sensation, and reflexes on the left lower extremity, [as well as] positive straight leg raise bilaterally [and] had decreased range of motion of the lumbar spine" (AR. 29 (*citing* 436)). Furthermore, the evidence cited by the ALJ, such as a normal gait and 5/5 strength, does not demonstrate that plaintiff had the capability to meet the sitting, standing, and walking demands of light work. The Court also notes that as the ALJ noted that Dr. Turner reviewed the record, the state agency doctor was aware of the evidence cited by the ALJ, and based on his medical expertise, opined that plaintiff had more limitations than opined by the ALJ.

When an ALJ seeks to discredit a medical opinion, he must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Here, the ALJ has

not adequately explained why his opinion is more correct than the opinion of Dr. Turner, a state agency physician who not only has medical expertise, but also is familiar with the disability program. *See id; see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)). This opinion should be evaluated anew following remand of this matter. In addition, the Court concludes that this error, too, is not harmless as had the ALJ credited fully the opinion of Dr. Turner, the RFC would have been different, thus affecting the ultimate disability determination.

Although it is clear that the ALJ erred in his evaluation of the medical evidence, it is not clear if plaintiff is in fact disabled, or if he was disabled, if he was disabled for the entire duration of time for which disability is claimed. Therefore, this matter should be reversed and remanded for further consideration, not with a direction to award benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1020-21 (9th Cir. 2014) (reversal with a direction to award benefits not appropriate if the record provides a reason to believe that the claimant is not, in fact, disabled); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (reversal with direction to award benefits not appropriate if outstanding issues must be resolved).

Based on the record as a whole, the Court concludes that the evidence supplied by other medical sources also should be evaluated anew following remand of this matter (*see* plaintiff's Opening Brief, Dkt. 14, pp. 7-9).

(2) **Whether or not the ALJ properly evaluated plaintiff's testimony and RFC**.

A determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, because the medical evidence must be re-evaluated, plaintiff's credibility and plaintiff's RFC should also be assessed anew following remand of this matter.

(3) **Whether or not new evidence submitted to the Appeals Council supports reversal of the ALJ's decision**.

As this matter must be reversed and remanded for further consideration, *see supra*, section 1, all of the new evidence should be entered into the record and considered following remand of this matter.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this Order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 22nd day of December, 2014.

J. Richard Creatura
United States Magistrate Judge